# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES BRIDGEWATER,

    Plaintiff,

-v-

MICHIGAN GAMING CONTROL BOARD and RICHARD S. KALM, in his official capacity

    Defendants.

Civil No. 16-10782
HON. David M. Lawson
MAG. Anthony P. Patti

**Demand for Jury Trial**

_____/

| | |
|---|---|
| LEONARD MUNGO (P43562) | JEANMARIE MILLER (P44446) |
| The Mungo Law Firm, PLC | ADAM FRACASSI (P79546) |
| 333 W. Fort Street, Suite 1500 | Assistant Attorneys General |
| Detroit, MI 48226 | Attorneys for State Defendants |
| (313) 963-0407/(313) 963-0200 (fax) | Civil Litigation, Employment & Election Division |
| | P.O. Box 30736 |
| | Lansing, MI 48909 |
| | (517) 373-6434 |

_____/

## SECOND AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, James Bridgewater ("Plaintiff" and "Bridgewater"), by his attorneys, The Mungo Law Firm, PLC, brings his complaint as follows:

## JURISDICTION AND VENUE

1. This is an action alleging discrimination under the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.,* as amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 (2008) ("ADA") and the Rehabilitation Act of 1973, 29 U.S.C. 791 *et seq.*

2. All of the discriminatory employment practices and violations of Plaintiff's statutory rights occurred within Wayne County, Michigan.

3. This Court has jurisdiction to hear and decide Plaintiff's ADA and Rehabilitation Act claims pursuant to 28 U.S.C. §1331 (Federal Question) and 2201 (Civil Rights).

4. Venue is appropriate in this judicial district under 28 U.S.C. §1391(b) because the events giving rise to this complaint occurred in this district.

## EXHAUSTION

5. Plaintiff filed a charge of employment discrimination with the EEOC on the basis of disability (failure to accommodate) within 300 days of the commission of the unlawful employment practice alleged in this claim.

6. Plaintiff received a right-to-sue letter from the EEOC on December 10, 2015, and filed his initial complaint on March 4, 2016, within 90 days of receiving the EEOC's right to sue letter and notice.

## PARTIES

7. Plaintiff is a resident of the City of Wyandotte, Wayne County, Michigan.

8. Defendant Michigan Gaming Control Board (MGCB) was created within the Michigan Department of Treasury and is a subdivision of the State of Michigan that regulates gaming throughout the State of Michigan, including Wayne County, Michigan, which is within the Eastern District of Michigan. (See Public Act 69 as amended 1997, MCLA 432.204 Sec. 4(1), Michigan Gaming Control and Revenue Act.)

9. Defendant Richard S. Kalm is the Executive Director of the MGCB. He is responsible for the directions, execution, and coordination of all the activities of the MGCB.

10. Upon information and belief, Defendant Kalm is a resident of Macomb County, Michigan, which is within the Eastern District of Michigan.

11. Defendants are *persons* within the meaning of the ADA, 42 U.S.C. §12111(7), and are employers under the ADA, 42 U.S.C. §12111(5)(A).

12. At all times relevant to this Complaint, Plaintiff was an employee and Defendants were his employers, covered by and within the meaning of the ADA.

13. At all times relevant to this Complaint, Defendant MGCB was a program or activity receiving federal financial assistance or was a division of a

Department receiving federal financial assistance within the meaning of 29 U.S.C. §794. (See Exhibit A: 2015 Treasury - Budget Briefing; and Exhibit B: Department of Treasury FY 2015-2016).

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1-14, inclusive, as though fully set forth herein.

15. At all relevant times hereto, Plaintiff has worked for the MGCB as an engineer at its facilities located at Cadillac Place in Detroit, Michigan.

16. At all relevant times hereto, Plaintiff did suffer and continues to suffer from dermatitis, a skin condition that causes extreme inflammation of the skin to develop anywhere on the body and, as a result, causes Plaintiff to be unable to maintain a steady sleep schedule.

17. Prior to November or December 2014, Plaintiff's supervisor consulted numerous times with Defendants and was told that permitting Plaintiff to work flexible hours, including evening and weekends, would be a reasonable accommodation for his disability.

18. Kalm was Plaintiff's superior at MGCB, and he initially allowed Plaintiff flexible hours as a reasonable accommodation.

19. Plaintiff was approved for 24-hour access to MGCB facilities and experienced said access throughout his employment and without any controversy or complaints from MGCB.

20. MGCB regulates casinos that operate 24 hours per day, 7 days per week, which allowed Plaintiff to perform all of his job duties and work 40 hours per week despite having flexible hours; Plaintiff, in fact, was highly productive and received favorable performance evaluations at all times relevant hereto.

21. In November or December of 2014, Plaintiff's supervisor was told by Defendants that flexible work schedules were no longer permitted, which forced Plaintiff to use his accrued annual leave and sick time when his dermatitis prevented him from maintaining a consistent standard weekly schedule.

22. Subsequently, on March 2, 2015, Plaintiff submitted a "Disability Accommodation Request and Medical Statement" to Defendants in which he requested the opportunity to work the hours he had previously been permitted to work, i.e. starting work earlier or ending work later during the week, and occasionally working on weekends or from home.

23. On March 30, 2015, Defendants refused Plaintiff's request for reasonable accommodation, despite previously providing Plaintiff with such an accommodation.

24. Defendants purportedly allow some form of alternative work schedules, but Defendants' offer of alternative work schedules is illusory and is a thinly veiled attempt to avoid their duty to allow reasonable accommodations under the ADA, thus serving as an actual and/or constructive denial of Plaintiff's request for reasonable accommodations.

25. Kalm, as executive director of the Michigan Gaming Control Board, enforced the refusal to allow Plaintiff reasonable accommodations.

26. Defendants subsequently retaliated against Plaintiff through unlawful investigations based on allegations that he had worked three hours flex time on a weekend, and threatened Plaintiff with corrective action up to and including the termination of his employment.

27. Defendants retaliated against Plaintiff for exercising his rights under the ADA and the Rehabilitation Act , including and not limited to the following:

    a. By commencing unlawful and unnecessary investigations against Plaintiff almost immediately after Plaintiff filed a charge with the EEOC following Defendants' denial of his request for accommodation;

    b. By threatening to outsource Plaintiff's position;

    c.    By taking Plaintiff off of committees that were career-advancing positions; and

    d.    By refusing to investigate Plaintiff's prior complaint of a hostile work environment.

### COUNT I
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST DEFENDANT KALM, EXECUTIVE DIRECTOR MGCB, IN HIS OFFICIAL CAPACITY

28.    Plaintiff incorporates by reference the allegations contained in paragraphs 1-27 inclusive, as though fully set forth herein.

29.    At all relevant times, Plaintiff was an individual with a *disability* within the meaning of the ADA, 42 U.S.C. §12102(1): Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of the impairment, and is regarded by Defendants as having the impairment.

30.    Plaintiff is a *qualified individual* as that term is defined in the ADA, 42 U.S.C. §12111(8): Plaintiff is an individual who, with reasonable accommodation, can perform the essential functions of his job as an engineer at Defendant MGCB.

31.    In rejecting Plaintiff's request for accommodation, Defendants refused to provide Plaintiff with the reasonable accommodation of an alternative/flexible work schedule.

32. Defendants' failure to make reasonable accommodations for Plaintiff constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment, and such conduct constitutes a violation of the ADA, 42 U.S.C. §12112(b)(5)(A).

33. Defendants failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation for Plaintiff.

34. Defendants retaliated against Plaintiff for exercising his rights under the ADA and thereby violated 42 U.S.C. §12203.

35. Defendants conducted themselves with malice or with reckless indifference to deny Plaintiff of his federally protected rights.

36. Defendants' malicious and reckless conduct to deny Plaintiff of his federally protected rights was undertaken in a collusive and conspiratorial fashion.

37. As a direct and proximate result of Defendants' discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of opportunities for career enhancing work assignments. In addition, Defendants' failure to make reasonable accommodation to Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

38. As a result of the violations of the ADA, as set forth above, Plaintiff is entitled to prospective injunctive relief and attorney's fees, costs, and litigation expenses from Defendant Kalm in his official capacity.

WHEREFORE, Plaintiff requests the following prospective injunctive relief against Defendant Kalm only, in his official capacity:

   a. An entry of judgment in favor of Plaintiff;

   b. An order of this Court requiring Defendants to provide Plaintiff with the reasonable accommodation previously requested by Plaintiff and refused by Defendants, i.e. a flexible work schedule that permits him to work earlier and/or later and/or weekend hours as necessary; and a permanent injunction against Defendants enjoining them and their officers, successors, assigns and all persons in active concert or participation with it from engaging in any further practice which discriminates against Plaintiff on the basis of his disability;

   c. Award Plaintiff reasonable attorney's fees, costs and litigation expenses; and

   d. An order of this Court granting Plaintiff further relief that it deems just and equitable.

## COUNT II
## VIOLATION OF THE § 504 OF THE REHABILITATION ACT AGAINST DEFENDANT MGCB

39. Plaintiff incorporates by reference the allegations contained in paragraphs 1-38, inclusive, as though fully set forth herein.

40. For the reasons set forth above, Defendant MGCB also discriminated against Plaintiff in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 705(9)(B) and (20)(B), solely because of his disability.

41. Plaintiff has been damaged by and lost monetary and other benefits as a result of these arbitrary, capricious and intentional actions.

42. Plaintiff is entitled to an order making him whole by awarding Plaintiff compensatory damages and lost benefits commensurate with or equal to those monies and benefits he lost.

43. Plaintiff is entitled to be awarded reasonable attorney's fees, including litigation expenses and costs; and cost for any and all appeals to other courts.

WHEREFORE, Plaintiff requests the following relief against Defendant MGCB:

a. An order of this Court requiring Defendant MGCB to provide Plaintiff with the reasonable accommodation previously requested by Plaintiff and refused by Defendants, i.e. a flexible work schedule that permits him to work earlier and/or later and/or weekend hours as necessary;

    b.      An order restoring Plaintiff's annual leave and sick time so wrongfully deprived and taken by Defendant MGCB;

    c.      An order awarding Plaintiff compensatory damages for his past and future pecuniary and non-pecuniary losses for Plaintiff's claims under § 504 only;

    d.      An award to Plaintiff of attorney fees, costs of litigation and interest; and

    e.      An order of this Court granting Plaintiff further relief that it deems just and equitable.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment against Defendants and all relief requested in this complaint.

Respectfully submitted,

/s/Leonard Mungo
Leonard Mungo (P43562)
THE MUNGO LAW FIRM, PLC
Counsel for Plaintiff
333 W. Fort Street, Suite 1500
Detroit, MI 48226
(313) 963-0407
(313) 963-0200 (facsimile)
MungoL16@msn.com

Date: July 8, 2016

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES BRIDGEWATER,

    Plaintiff,

-v-

MICHIGAN GAMING CONTROL BOARD and RICHARD S. KALM, in his official capacity

    Defendants.

Civil No. 16-10782
HON. David M. Lawson
MAG. Anthony P. Patti

**Demand for Jury Trial**

_____/

| LEONARD MUNGO (P43562) | JEANMARIE MILLER (P44446) |
|---|---|
| The Mungo Law Firm, PLC | ADAM FRACASSI (P79546) |
| 333 W. Fort Street, Suite 1500 | Assistant Attorneys General |
| Detroit, MI 48226 | Attorneys for State Defendants |
| (313) 963-0407/(313) 963-0200 (fax) | Civil Litigation, Employment & Election Division |
| | P.O. Box 30736 |
| | Lansing, MI 48909 |
| | (517) 373-6434 |

_____/

# **JURY DEMAND**

Plaintiff, James Bridgewater, by his attorney, The Mungo Law Firm, PLC, and hereby demands a jury trial in this cause.

                                          Respectfully submitted,

Dated:  August 22, 2016                /s/Leonard Mungo
                                          Leonard Mungo (P43562)
                                          **THE MUNGO LAW FIRM, PLC**
                                          333 W. Fort Street, Suite 1500
                                          Detroit, MI  48226
                                          (313) 963-0407
                                          (313) 963-0200 (facsimile)
                                          MungoL16@msn.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2016 I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/Leonard Mungo
Leonard Mungo (P43562)
**THE MUNGO LAW FIRM, PLC**
333 W. Fort Street, Suite 1500
Detroit, MI  48226
(313) 963-0407
(313) 963-0200 (facsimile)
MungoL16@msn.com
